Mark Forsberg, Esq., NSB 4265
Rick Oshinski, Esq., NSB 4127
OSHINSKI & FORSBERG, LTD.
504 E. Musser Street, Suite 202
Carson City, NV 89701
T 775-301-4250 | F 775-301-4251
Mark@OshinskiForsberg.com
Rick@OshinskiForsberg.com
*Attorneys for Plaintiffs*
*Maston Crapps and Kathrine Carter*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MASTON CRAPPS and KATHRINE CARTER, | |
| Plaintiffs, | **COMPLAINT** |
| vs. | **(42 U.S.C. § 1983 and 1988)** |
| CARSON CITY, NEVADA, a consolidated municipality and political subdivision of the State of Nevada; and DOES 1-100, inclusive, | |
| Defendants. | |

COME NOW Plaintiffs, MASTON CRAPPS and KATHRINE CARTER, by and through their attorneys, Mark Forsberg, Esq. and Oshinski & Forsberg, Ltd., and as and for their Complaint in the above-entitled action, allege and aver as follows:

**Parties**

1. Plaintiffs Maston Crapps and Kathrine Carter are the owners of real property in Carson City, Nevada bearing Assessor's Parcel Number 007-091-28.

2. Defendant Carson City is a consolidated municipality and political subdivision of the State of Nevada created legislatively by the enactment of the Carson City Charter. Carson City has the

1

powers granted to it by the Carson City Charter and those powers granted to Nevada counties by Chapter 244 of the Nevada Revised Statutes.

3. The Carson City Board of Supervisors is the duly elected governing body of Carson City and is a policy-making body.

4. Plaintiffs are informed and believed, and thereon allege, that at all times relevant herein Defendants, or some combination of them, were the agents, servants, partners, joint venturers, employees, principals, members, independent contractors or sureties of each other, and at all times mentioned herein were acting within the time, scope and course of said employment or agency and/or with the knowledge, permission and consent of all of said other defendants.

5. The true names or capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as DOES 1-100, inclusive, are unknown to Plaintiffs, who are informed and believe, and thereon allege, that each of these fictitiously named defendants is in some way liable to Plaintiffs on the causes of action below, and therefore sue these defendants by such fictitious names. Plaintiffs pray that this complaint may be amended by inserting the true names of these defendants in lieu of these fictitious names to charge them when the true names of these Doe defendants are discovered.

**Jurisdiction and Venue**

6. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343 and the aforementioned statutory and constitutional provisions. This Court has jurisdiction to grant the declaratory relief requested pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57.

7. Plaintiffs invoke this Court's supplemental jurisdiction over their state law claims under 28 U.S.C. Section 1367(a) and *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Nature of the Case**

9. Plaintiffs Maston Crapps and Kathrine Carter are the owners of APN 007-091-28, an 81.55-acre parcel of vacant land in the hills on the west side of Carson City, Nevada (the "Property" or

"Parcel"). Because of actions taken unilaterally by Carson City in derogation of the rights of Carson Lodge #1 of Free and Accepted Masons, the predecessor in interest to Plaintiffs, the Parcel has been deprived of any access and thus of the residential use for which it is zoned, and in fact, any beneficial use whatsoever. Carson City confirmed there is no legal access in its report to Plaintiffs after the City conducted a major project review of Plaintiffs' general plan to construct a residence on the Parcel. The lack of access to the Property is the direct result of Carson City acquiring another parcel over the historical -- and only --access to Plaintiffs' Parcel. The City's voluntary agreement in that transaction to a deed restriction prevents any access across the City parcel that would support the development of Plaintiffs' Parcel in the manner permitted by its zoning, all in derogation of Plaintiffs' distinct, investment-backed expectation that they could build a residence on the Parcel. The conduct of the City, which deprives Plaintiffs of any use of the Parcel, violates the takings clause of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section VIII (6) of the Nevada Constitution and gives rise to multiple state law tort claims.

## Allegations of Fact

10. Plaintiffs purchased the Property from Carson Lodge No. 1 of the Masons; the deed conveying the Property was recorded on May 27, 2022 and re-recorded on May 31, 2022 to correct the name of Grantee Kathrine Carter.

11. The Property is zoned Conservation Reserve and its land use designation under the Carson City Master Plan is Conservation Reserve (Private); the Conservation Reserve zoning permits the construction of at least one single-family residence on the Parcel.

12. Access to the Property has historically been from Ash Canyon Road, a public street, then across APN 007-610-02, a parcel acquired by Carson City from Joost Land & Cattle Co., Inc., then across APN 007-101-09, a 40-acre parcel owned by the State of Nevada. The State of Nevada has granted Carson City a license to use a roadway across its parcel to reach water storage tanks Carson City has constructed on the State parcel. An aerial photograph depicting the parcels is attached hereto as **Exhibit 1** and incorporated herein by this reference.

13. The road providing access to Plaintiffs' Parcel across the Carson City and State of Nevada parcels are heavily used by Carson City and the public and are readily visible on Exhibit A.

14. The road that provides access to Plaintiffs' Parcel also crosses Plaintiffs' Parcel and is used by the public to access public lands to the west of Plaintiffs' Parcel. The road as it exists across Plaintiffs' Parcel is readily visible on Exhibit A.

15. After purchasing their Parcel, Plaintiffs were encouraged by the Carson City planning staff to submit a request for a major project review, a process whereby the staff advises applicants for development approval as to the requirements and conditions that will be imposed by the City and other governmental agencies on that development. Plaintiffs acceded to this request and submitted to the City for review a basic plan identifying their intent to build a residence on the Parcel.

16. Carson City staff conducted a review of Plaintiffs' plan.

17. After the major project review Carson City staff issued a report which stated, in part, that Plaintiffs would be required to identify "the route or routes that will be used in conjunction with the proposed development of APN 007-091-28." The staff report noted a deed restriction Carson City had agreed to when it acquired its parcel from Joost Land and Cattle Co. The City staff report stated:

> This means that the access for construction as well as permanent access to the house would not be available from the end of Ash Canyon Road, and that measures must be taken to ensure that access to the house is not possible from this route either during construction, or after construction is finished, until the restriction expires.

18. The deed restriction referred to is found in a quitclaim deed recorded September 30, 2011 as document number 415928 of the official records of the Carson City Recorder. That deed, by which Carson City acquired APN 007-101-54 from Joost Land and Cattle Company, contains a deed restriction to which the City voluntarily acquiesced and which the City now asserts bars any access to APN 007-091-28 by Plaintiffs over the historical way of ingress, which was the only access to the Parcel.

19. The deed restriction provides that the road across the parcel acquired by the City from Joost "may not be used as a primary or secondary access for the development of any public or private property," and that the road "may be used to allow the public to access other ***contiguous public lands*** by traveling across APN 007-101-54." (Emphasis added.) (The APN for the Joost/City parcel has been changed to 007-610-02.) The only contiguous public property roadway is the parcel owned by the State

of Nevada: crossing that parcel using the existing roadway leads to Plaintiffs' adjacent parcel and not to any other contiguous public land.

20. In the major project review report, Carson City staff also emphasized that "Existing access and utility easements on APN 007-091-28" -- the very parcel Plaintiffs own and to which Carson City asserts they have no access, "need to be formalized in recorded documents." Staff explained that those easements include a "public access easement for the existing dirt road running east to west through the middle of the property for access to USFS land and facilities, existing trails, and existing utilities…" Thus, the City asserts that while the public is entitled to access to trails and a road crossing Plaintiffs' Property, Plaintiffs themselves have no access to the Property.

21. Carson City asserts that the public has acquired a prescriptive easement over Plaintiffs Property, but impliedly denies that a prescriptive right has arisen in Plaintiffs to gain access over the same roadway to use their Property as it is zoned to be used.

22. While on the one hand denying Plaintiffs any use of their Property, Carson City is actually *inviting* the public to cross the City parcel, which now is assigned APN 007-610-02, using the Joost easement to access APNs 007-101-09 (owned by the State of Nevada) and 007-091-28 (Plaintiffs' Parcel) and the continuation of the road that has been historically and indisputably used to access public and private lands to the west of APN 007-091-28.

23. Carson City's encouragement of this use is evidenced by the City's inclusion on its Trails Master Plan of the road across APN 007-091-28, and signs posted at the terminus of Ash Canyon Road declaring that the Joost easement and, impliedly, the road across APN 007-091-28, are open as public access to public lands that lie to the west of Plaintiffs' Property.

24. This invitation, and the use the City is allowing and promoting, **violates** the deed restriction agreed to by the City when it purchased APN 007-101-54 (now APN 007-610-02) from Joost. The deed restriction provides that "this road may be used to allow the public to access other ***contiguous* public lands** by traveling across APN 007-101-54." (Emphasis added.) The Joost parcel now owned by the City is contiguous via the road only to the State-owned parcel, and not to any *public* lands further to the west as the invitation and trails map show.

///

25. Public records suggest that the City assumed it would acquire the parcel then owned by Carson Lodge #1, but it never did so, apparently incorrectly presuming that it need not expend funds for this purpose since Carson Lodge #1 was a passive owner and preserving the status quo would save the City money.

26. The denial by Carson City of any right of Plaintiffs to access the Property also violates Plaintiffs and the public's right to use the historic road which, until the City unilaterally relinquished it for its own convenience, was used for more than 150 years to access Plaintiffs' Property. The historic use of the road, which is acknowledged by the State of Nevada, brings it within the purview of R.S. 2477, the 1866 Federal law that granted rights of way across public lands for the construction of roads. That right was upheld by the United States Supreme Court. *See Central Pacific Railway v. Alameda Co.*, 284 U.S. 463 (1932); *Sierra Club v. Hodel*, 848 F.2d 1068 (10th Cir. 1988). The Supreme Court of the State of Nevada also recognized the R.S. 2477 right. *See Anderson v. Richards*, 96 Nev. 318, 608 P.2d 1096 (1980) relying on R.S. 2477 and NRS 403.410 (declaring all roads in incorporated cities and towns in the state as of March 9, 1866 entitled to be used by the public).

## FIRST CLAIM FOR RELIEF

### Fifth and Fourteenth Amendments

27. Plaintiffs incorporate by this reference each and every allegation of fact into this, their First Claim for Relief, as if fully set forth herein.

28. The Fifth Amendment to the United States Constitution provides in pertinent part that private property shall not "be taken for public use, without just compensation." The 14th Amendment makes the Fifth applicable to the states.

29. Plaintiffs are informed and believe, and thereon allege, that their real property has been taken by Carson City for a public use without just compensation being paid. Carson City has not instituted formal condemnation proceedings nor paid just compensation for the taken property.

30. As a direct and proximate result of the acts and omissions of Carson City, as alleged herein, Plaintiffs have suffered damages including, but not limited to the loss of any economic benefit or use and enjoyment of their property, and diminution in the value of the Property in an amount to be proven at trial.

31. Wherefore, judgment is prayed as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983

32. Plaintiffs incorporate by this reference each and every allegation of the allegations of fact and First Claim for Relief into this, their Second Claim for Relief, as if fully set forth herein.

33. 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

34. An action for a taking in violation of the Fifth and Fourteenth amendments to the United States Constitution is cognizable under 42 U.S.C. § 1983.

35. Plaintiffs are informed and believe, and thereon allege, that their real property has been taken by Carson City for a public use without just compensation being paid. Plaintiffs are further informed and believe, and thereon allege, that said taking was caused by Carson City, a governmental entity, and that Carson City has not instituted formal condemnation proceedings or paid just compensation for the taken property. Defendant has, therefore, violated 42 U.S.C. § 1983 by depriving Plaintiffs of the rights and privileges secured to them by the Constitution and laws of the United States.

36. As a direct and proximate result of the acts and omissions of Defendant, as alleged herein, Plaintiffs have suffered damages including, but not limited to the loss of all beneficial use and enjoyment of their property, physical damage to their property and diminution in the value of their property in an amount to be proven at trial.

37. Wherefore, judgment is prayed as hereinafter set forth.

## THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 1988(b)

38. Plaintiffs incorporates by this reference each and every allegation of the factual allegations and their First and Second Claims for Relief into this, their Third Claim for Relief, as if fully set forth herein.

39. 42 U.S.C. § 1988(b) provides in pertinent part: "In any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party a reasonable attorneys fee as part of the costs."

40. Plaintiffs have been forced to engage an attorney to prosecute this action and vindicate their federal constitutional rights. In the event Plaintiffs prevail in this action they will be entitled to obtain an award of their reasonable attorney's fees in the Court's discretion.

41. Wherefore, judgment is prayed as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF

### (Taking – Article I of the Nevada Constitution)

42. Plaintiffs incorporate by this reference each and every allegation of the factual allegations and their First, Second and Third Claims for Relief into this, their Fourth Claim for Relief, as if fully set forth herein.

43. Article I, Section VIII (6) of the Nevada Constitution provides that "private property shall not be taken for public use without just compensation having been first made."

44. Plaintiffs are informed and believe, and thereon allege, that their private property has been taken by Carson City for a public use without just compensation being paid. Plaintiffs are further informed and believe, and thereon allege, that said taking was caused by Carson City, a governmental entity, and that Carson City has not instituted formal condemnation proceedings nor paid just compensation to Plaintiffs.

45. As a direct and proximate result of the acts and omissions of Carson City, as alleged herein, Plaintiffs have suffered damages including, but not limited to the loss of all economic benefit and any use and enjoyment of their Property, physical damage to their Property and diminution in the value of their Property in an amount in excess of $15,000, exclusive of interest and costs. Plaintiffs are informed and believe, and thereon allege, that such damage is likely to continue indefinitely in the future.

46. Wherefore, judgment is prayed as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

### Trespass

47. Plaintiffs incorporate by this reference each and every allegation of facts and First, Second, Third and Fourth Claims for Relief into this, their Fifth Claim for Relief, as if fully set forth herein.

48. Carson City wrongfully made a direct physical interference with or an unlawful or unauthorized physical invasion of Plaintiffs' Property by inviting the public to use Plaintiffs' Property through signs declaring their land open as access to other public lands and by placing social trails and official City trails not approved by Plaintiffs or their predecessors in interest on the City's published trails maps.

49. Carson City's sponsored and encouraged incursions onto Plaintiffs' Property was intentional, reckless and negligent. Carson City knew, or reasonably should have known, that its actions amount to an unlawful interference with the property rights of Plaintiffs and the incursions are being promoted perpetually by the City.

50. As a direct and proximate result of the acts and omissions of Carson City, as alleged herein, Plaintiffs have suffered damages including, but not limited to the loss of their full use and enjoyment of their Property, physical damage to their Property by trespassing members of the public, and diminution in the value of their Property in an amount in excess of $15,000, exclusive of interest and costs. Plaintiffs are informed and believe, and thereon allege, that such damage is likely to continue indefinitely in the future.

### SIXTH CLAIM FOR RELIEF

#### Nuisance

51. Plaintiffs incorporate by this reference each and every allegation of the factual allegations and their First, Second, Third, Fourth and Fifth Claims for Relief into this, their Sixth Claim for Relief, as if fully set forth herein.

52. Carson City intentionally interfered with Plaintiffs' lawfully permitted use of their Property.

53. Plaintiffs are informed and believe, and thereon allege, that the interference by Carson City was and is both substantial and unreasonable.

/ / /

54. As a direct and proximate result of the acts and omissions of Carson City, as alleged herein, Plaintiffs have suffered damages including, but not limited to the loss of all economic benefit and the full use and enjoyment of their Property, physical damage to their Property and diminution in the value of their Property in an amount in excess of $15,000, exclusive of interest and costs. Plaintiffs are informed and believe, and thereon allege, that such damage is likely to continue indefinitely in the future.

### SEVENTH CLAIM FOR RELIEF

### Declaratory Relief

### (28 U.S.C. §2201)

55. Plaintiffs incorporate by this reference each and every allegation of the factual allegations and their First, Second, Third, Fourth, Fifth and Sixth Claims for Relief into this, their Seventh Claim for Relief, as if fully set forth herein.

56. An actual controversy within the jurisdiction of this Court has arisen in that Carson City has failed to recognize the existence of and has denied Plaintiffs the right to use a public road created by the enactment by Congress of R.S. 2477.

57. There exists a road across APN 007-610-02 owned by Carson City, 007-101-09 owned by the State of Nevada and 007-091-28 owned by Plaintiffs, and on other parcels to the west of Plaintiffs' property, that were public lands before they were transferred to private ownership and then, in some cases, transferred back to the public. Such roads are R.S. 2477 roads that are public. Uniquely among these owners and those to the west, Carson City treats the R.S. 2477 road across its parcel, APN 007-610-02, as non-public, while at the same time disingenuously treating the same road where it crosses Plaintiffs' land as public.

58. Plaintiffs seek a declaration from the Court that the roadway that exists across all three parcels is public as declared by R.S. 2477 and NRS 405.191(2).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against Defendant as follows:

1. For a declaration that the road crossing the parcels owned as set forth herein by Carson City, the State of Nevada and Plaintiffs is a public road pursuant to R.S. 2477 and NRS 405.191;

2. For an award of money damages in excess of $15,000, exclusive of interest and costs, in an amount to be proven at trial;

3. For attorney's fees and court costs pursuant to 42 U.S.C. § 1988;

4. For attorney fees and court costs pursuant to NRS 37.185;

5. For prejudgment interest according to law; and

6. For such other relief as the Court may deem just and appropriate.

Dated this 24th day of August, 2022.

OSHINSKI & FORSBERG, LTD.

By /s/ Mark Forsberg, Esq.
  MARK FORSBERG, ESQ., NSB 4265
  *Attorneys for Plaintiffs*
  *Maston Crapps and Kathrine Carter*

**LIST OF EXHIBITS**

| Exhibit No. | Description | No. Pages |
|---|---|---|
| 1 | Aerial photograph | 1 |