CARSON CITY DISTRICT ATTORNEY
Jason D. Woodbury, Esq.
NV Bar No. 6870
Adam Tully, Esq.
NV Bar No. 13601
885 East Musser Street, Suite 2030
Carson City, NV 89701
T: (775) 887-2070
F: (775) 887-2129
jwoodbury@carson.org
atully@carson.org
*Attorneys for Defendant Carson City*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MASTON CRAPPS and KATHRINE CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>CARSON CITY, NEVADA, a consolidated municipality and political subdivision of the State of Nevada; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:22-cv-00379-ART-CSD<br><br>**STIPULATION TO STAY DISCOVERY** |

Defendant Carson City, Nevada ("City"), by and through its counsel, Jason D. Woodbury, Carson City District Attorney, and Adam Tully, Deputy District Attorney, and Plaintiffs Maston Crapps and Kathrine Carter, by and through their counsel, Mark Forsberg, Esq. and Oshinski & Forsberg, Ltd., respectfully submit this Stipulation to Stay Discovery ("Stipulation"). This Stipulation is made in accordance with LR IA 6-2, LR 7-1, and Article V of this Court's Civil Standing Order.

///

I.     **MATERIAL FACTS**

On August 24, 2022, Plaintiffs filed the Complaint [ECF No. 1] in this matter. Plaintiffs assert four claims concerning an unconstitutional taking (collectively, "Takings Claims"),[1] two state law claims for trespass and nuisance (collectively, "State Law Claims"),[2] and a claim for declaratory relief seeking a declaration that a portion of Ash Canyon Road is a public road, pursuant to a federal law commonly referred to as R.S. 2477 ("R.S. 2477 Claim").[3]

The City filed a Motion to Dismiss on October 13, 2022, [ECF No. 7] ("Motion"), asserting that (1) the Takings Claims were not justiciable because Plaintiffs did not have standing, the claims were not ripe, or both;[4] (2) the State of Nevada is necessary party to the R.S. 2477 Claim but their joinder is not feasible under the Eleventh Amendment to the U.S. Constitution;[5] and (3) because the Takings Claims and R.S. 2477 Claim should be dismissed, the Court should decline to exercise supplemental jurisdiction over the State Law Claims.[6]

Plaintiffs filed an opposition to the Motion on November 21, 2022, [ECF No. 10], and the City filed a reply on December 5, 2022, [ECF No. 13].

On January 4, 2023, this Court entered an order requiring the Parties to submit a Proposed Stipulated Discovery Plan and Scheduling Order, [ECF No. 14]. The Parties conferred for that purpose under FRCP 26(f) on January 18, 2023, and January 19, 2023,

---

[1] The first claim is for a taking in violation of the U.S. Constitution, [ECF No. 1 ¶¶ 27-31]; the second claim is for violating 42 U.S.C. § 1983 through the taking alleged in Plaintiffs' first claim, [ECF No. 1 ¶¶ 32-37]; the third claim is for attorney fees associated with enforcing 42 U.S.C. § 1983, [ECF No. 1 ¶¶ 38-41]; and the fourth claim is for a taking in violation of the Nevada Constitution, [ECF No. 1 ¶¶ 42-46].
[2] These claims are for trespass and nuisance, [ECF No. 1 ¶¶ 47-54].
[3] *See* [ECF No. 1 ¶¶ 55-58].
[4] *See* [ECF No. 7 at 4:12-11:22].
[5] *See* [ECF No. 7 at 12:1-15:13].
[6] *See* [ECF No. 7 at 15:14-16:13].

and agreed that it would be appropriate to seek a stay of discovery pending the outcome of the Motion, and to file a Proposed Stipulated Discovery Plan and Scheduling Order concurrent with this Stipulation in case this Court does not share the Parties' view that a stay is warranted here.

## II.	ANALYSIS

"'The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.'" *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)). Further, "[t]he mere fact that parties stipulate to a stay does not limit the Court's discretion to order a stay." *Estate of Evans v. Kinecta Fed. Credit Union*, No. 2:13-cv-01160-GMN-CWH, 2014 U.S. Dist. LEXIS 87744, at *3 (D. Nev. June 27, 2014).

However, staying discovery is more likely to be appropriate "'when jurisdiction, venue, or immunity are preliminary issues.'" *Turner Broad. Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quoting *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D.Nev 1989)). Additionally, "Courts have held that 'threshold immunity question[s]' should be decided before the parties engage in discovery." *Solida v. United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506-07 (D. Nev. 2013) (quoting *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

"Courts in this District have formulated three requirements in determining whether to stay discovery pending resolution of a potentially dispositive motion…." *Kor Media Grp., LLC*, 294 F.R.D. at 581.

<u>First</u>, this Court should consider whether the Motion is potentially dispositive. *See id.* Here, the Parties agree that if the Motion is granted in full, there will be no claims left

1 pending before this Court. Further, the Motion raises preliminary issues of jurisdiction and, albeit indirectly, by contending the State of Nevada is a necessary party to the R.S. 2477 Claims that cannot be joined due to Eleventh Amendment immunity. The Parties respectfully submit that the Motion is potentially dispositive and asserts preliminary issues of jurisdiction.

Second, this Court should consider whether the Motion can be decided without additional discovery. *See id.* Here, the Parties have fully briefed the Motion, and neither Party contends that additional discovery is needed to supplement existing filings. The Parties respectfully submit that a fair resolution of the Motion can be made without discovery.

Third, this Court should take a preliminary peek at the merits of the Motion. *See id.* This preliminary peek "is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The Parties leave this determination to the sound discretion of this Court.

In sum, the Parties agree that a stay of discovery is warranted here pending the outcome of the Motion and that such a stay would serve the interests of judicial economy and conservation of resources.

**III.   STIPULATION AND PROPOSED SCHEDULE**

THEREFORE, upon agreement of the parties, through their respective counsel, the undersigned respectfully submit that discovery should be stayed pending the outcome of the Motion and therefore request that this Court:

1.   Enter an order staying discovery pending the outcome of the Motion;

2.   If this matter remains with this Court after the Motion is decided, the Parties

will hold a supplemental FRCP 26(f) conference within 14 days of the order disposing of the Motion and within 14 days after that supplemental FRCP 26(f) conference, the Parties will submit a Proposed Stipulated Discovery Plan and Scheduling Order.

DATED this 20th day of January, 2023.

| CARSON CITY DISTRICT ATTORNEY | OSHINSKI & FORSBERG, LTD. |
|---|---|
| By: __/s/ Adam Tully, Esq.__<br>Jason D. Woodbury, Esq.<br>NV Bar No. 6870<br>Adam Tully, Esq.<br>NV Bar No. 13601<br>*Attorneys for Defendant Carson City* | By: __/s/ Mark Forsberg, Esq.__<br>Mark Forsberg, Esq.<br>NV Bar No. 4265<br>*Attorneys for Plaintiffs* |

**ORDER**

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 23, 2023