UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MASTON CRAPPS, *et al.*,

Plaintiffs,

v.

CARSON CITY, NEVADA,

Defendant.

Case No. 3:22-cv-00379-ART-CSD

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 7) WITHOUT PREJUDICE

Plaintiffs Maston Crapps and Kathrine Carter bring this case against Carson City, Nevada, alleging the City effected an unjust taking, in violation of the Fourteenth Amendment, when it agreed to a contractual provision that barred Plaintiffs from developing a single-family home on their land. Before the Court is Defendant's motion to dismiss (ECF No. 7), which argues, among other things, that Plaintiffs' claims are non-justiciable and that Plaintiffs have failed to join necessary and indispensable parties. As detailed below, the Court grants the City's Motion and dismisses Plaintiffs' Complaint without prejudice.

## I.    BACKGROUND

This case concerns three adjacent parcels of land: the City Parcel, the State Parcel, and Plaintiff's Parcel. The State Parcel, owned by the State of Nevada, sits between Plaintiff's Parcel, to the West, and the City Parcel, to the East. (*See* ECF No. 1-1.) According to Plaintiffs, their parcel is only accessible via a single road: Ash Canyon Road, which leads from the City Parcel, through the State Parcel, and onto Plaintiff's Parcel. (ECF Nos. 1 at ¶ 12; 1-1.)

Defendant Carson City ("the City") obtained its parcel in 2011 from Joost Land & Cattle Co., Inc. (ECF No. 1 at ¶ 17.) Joost transferred the parcel to the City subject to a deed restriction (the 2011 Deed Restriction), which states that Ash Canyon Road "may not be used as a primary or secondary access for the development of any public or private property." (*Id.* at ¶ 19.) If the City violates

this restriction, title to the City Parcel reverts to Joost. (ECF No. 7-1 at 5.) Plaintiffs allege that the Deed Restriction bars them from developing a home on their parcel.

In May of 2022, Plaintiffs acquired their parcel from a previous owner. (ECF No. 1 at ¶ 10.) Hoping to build a single-family home on the parcel, Plaintiffs then submitted an application for major project review (MPR) to the City.

An MPR is a non-binding process whereby the City conducts a "preliminary review" of development plans, with the goal of identifying potential issues before too much time or money is invested into a given project. (ECF No. 7-3 at 3); CMCC 18.02.100(1). Although the MPR process is required for major projects, it is optional for "smaller projects" like Plaintiffs'. After an MPR applicant submits her application, the City schedules a meeting within 30 days. At the meeting, city officials identify major concerns with the project. Officials then send the applicant a letter "outlining the recommendation and concerns relative to the MPR meeting." CMCC 18.02.100(3).

The City's letter to Plaintiff indicated that the 2011 Deed Restriction barred Plaintiffs from using Ash Canyon Road to build their proposed home. Plaintiffs contend that any development of their property is impossible without access to Ash Canyon Road.

In August of 2022, three months after they purchased the property, Plaintiffs filed their Complaint in this Court. (ECF No. 1.) The Complaint asserts six claims: (1) unjust taking in violation of the Fifth and Fourteenth Amendments; (2) unjust taking under 42 U.S.C. § 1983; (3) attorney's fees under 42 U.S.C. § 1988; (4) unjust taking under Article I, Section VIII (6) of the Nevada Constitution; (5) trespass under Nevada common law; (6) nuisance under Nevada common law; and (7) declaratory relief, pursuant to 28 U.S.C. § 2201. Plaintiffs specifically seek a declaration that Ash Canyon Road is a public road under R.S. 2477 and NRS 405.191(2) and therefore cannot be encumbered by the 2011 Deed Restriction.

## II.     DISCUSSION

The City argues that Plaintiffs' takings claim either should be dismissed under Rule 12(b)(1) because it is non-justiciable or under Rule 12(b)(7) for failure to join a necessary party.

### A. Justiciability of Plaintiffs' Claims

Identifying two points at which a taking might have occurred, the City argues Plaintiffs' takings claim must be dismissed as nonjusticiable because it is either (1) too late to challenge the 2011 Deed Restriction or (2) too early to challenge the MPR decision.

A defendant may seek dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting claims in federal court bears the burden of demonstrating the court's jurisdiction over those claims. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). An attack on subject matter jurisdiction under Rule 12(b)(1) can be facial or factual. The City's challenge to the 2011 Deed Restriction taking is facial, since it asserts that the allegations contained in Plaintiffs' Complaint are insufficient on their face to invoke federal jurisdiction. *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) ("Where a defendant claims only that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," the Court treats their challenge as facial.) (internal quotation marks and citations omitted). In response to a facial challenge, courts ask "whether the complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Terenkian*, 694 F.3d at 1131 (internal quotation marks and citations omitted).

Under this standard, Plaintiffs lack standing to challenge the City's agreement to enter the 2011 Deed Restriction. "[W]hen there is a taking of property by eminent domain . . . it is the owner of the property *at the time of the taking* who is entitled to compensation." *Palazzolo v. Rhode Island*, 533 U.S. 606,

628 (2001) (citing 2 J. Sackman, Eminent Domain § 5.01[5][d][i] (rev. 3d ed. 2000)) (emphasis in original). "[T]he right to compensation is not passed to a subsequent purchaser." *Id.* Thus, if the taking at issue in this case occurred at the time the City entered the 2011 Deed Restriction, Plaintiffs lack standing because they did not own the Parcel until 2022, 11 years after the Deed Restriction was enacted. (ECF No. 1 at ¶¶ 10, 17.)

Second, the City argues that Plaintiffs' regulatory takings challenge is not ripe because the MPR letter was not a "final decision" by the City. Plaintiffs respond that the MPR letter is effectively a final decision because the 2011 Deed Restriction obligates the City to deny any permit request by Plaintiffs, and pursuing another decision would be both costly and futile. The City's Rule 12(b)(1) challenge to the MPR taking is factual since it challenges Plaintiffs' characterization of the MPR process as a "final decision." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir, 2004). "In resolving a factual attack on jurisdiction," the Court "need not presume the truthfulness of plaintiff's allegations," and it may "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*

When a plaintiff alleges a regulatory taking, a federal court may only exercise jurisdiction when the government has reached a "final decision" regarding that taking. *Pakdel v. City and County of San Francisco, California*, 594 U.S. 474, 475 (2021). In other words, Plaintiffs may only challenge the City's response to their MPR as a regulatory taking if that response constitutes a "final decision." To satisfy this standard, Plaintiffs must show that "the government is committed to a position" and "there is no question . . . about how the regulations at issue apply to the particular land in question." *Id.* at 478-79 (internal quotation marks omitted).

The City's MPR letter is not a final decision. Under the Carson City Municipal Code, an MPR is merely "a preliminary review" of development plans,

4

CCMC 18.02.100(1), and is not required for smaller projects like this one, CCMC 18.02.100(2). The review process, which takes roughly 30 days to complete, purports only to offer "recommendations and concerns" about the proposed project. CCMC 18.02.100(3)(b). Nothing in the municipal code or MPR application indicates that review is binding, and the City has stated to the Court that no one involved in the review process has the capacity to bind the City to any of its conclusions. CCMC 18.02.100(3). Importantly, the MPR letter does not establish that the City has "committed to a position" with regard to its alleged taking. The City confirmed at oral argument that it could decide to allow the use of the road (and risk violating the deed restriction) or deny use (and risk being sued for a regulatory taking). At this stage, the non-binding, "preliminary review" afforded by the MPR process does not meet the finality standard for takings cases. The Court need not identify what additional process would be necessary to satisfy the "relatively modest" finality requirement under *Pakdel*. *Pakdel*, 594 U.S. at 478-79 (indicating, "Once the government is committed to a position … the dispute is ripe for judicial resolution.").

## B. Joinder

Because the parties conceded at oral argument that the City Parcel's previous owner, Joost Land & Cattle Co., Inc., ("Joost"), is a necessary party, the Court will dismiss this action with leave to amend to add Joost.

The City moved to dismiss under Rule 12(b)(7) on grounds that Joost and the State of Nevada are necessary parties. To determine whether dismissal under FRCP 12(b)(7) is appropriate, the Court "accept[s] as true the allegations in Plaintiff[s'] complaint and draw[s] all reasonable inferences in Plaintiff[s'] favor." *Dine Citizens Against Ruining Our Environment v. Bureau of Indian Affairs*, 932 F.3d 843, 851 (9th Cir. 2019). The City argues that Joost is a necessary party because Plaintiffs seek, as a remedy, a declaration that Ash Canyon Road is a public road under RS 2477, and that remedy would affect Joost's property rights.

Though Plaintiffs opposed the motion, they agreed at oral argument to add Joost.

A necessary party must be joined, if feasible, when "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B); *U.S. v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999).

Joost is a necessary party to this action because Plaintiffs seek a remedy that could conflict with the 2011 Deed Restriction on the City Parcel. Specifically, Joost has a reversionary interest in the Parcel, which it may exercise if the City allows Plaintiffs to use Ash Canyon Road "for the development of . . . private property." (ECF No. 1 at ¶ 19.) Declaration of Ash Canyon Road as an RS 2477 public road could render the Deed Restriction invalid, thus divesting Joost of its reversionary interest. *See* 2 George Cameron Coggins & Robert L. Glicksman, *Pub. Nat. Resources L.* § 15:19 (2nd ed.) (R.S. 2477 granted a public "right-of-way" on certain highways, "confer[ring] property rights of sorts on the public or private holders," such as the right of unimpeded access). Because Joost is a necessary party to this action and Plaintiffs' willingness to add them indicates that joinder is feasible, Joost must be joined as a defendant.

Although the City argues that the State of Nevada is an indispensable party, it is not apparent that the State's participation in this suit is necessary to protect any interest related to the existence or use of the road across its parcel. Further, Plaintiff's counsel represented at oral argument that the State does not oppose the Crapps access across its property.

### III.    CONCLUSION

It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 7) is granted and Plaintiffs' Complaint (ECF No. 1) is dismissed without prejudice.

It is further ordered that Plaintiffs shall have 60 days from the date of this order to file a new complaint, free of the failures identified in this order. If Plaintiffs fail to file such a complaint within 60 days, the Clerk of Court is directed to close this case and enter judgment accordingly.

Dated this 5th day of March 2024.

_____

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE