# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MASTON CRAPPS and KATHRINE CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>CARSON CITY, NEVADA, a consolidated municipality and political subdivision of the State of Nevada; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:22-cv-00379-ART-CSD<br><br>**ORDER APPROVING STIPULATION TO DISMISS WITH PREJUDICE** |

In accordance with FRCP 41 and LR 7-1, Defendant Carson City, Nevada and Plaintiffs Maston Crapps and Kathrine Carter, which may be referred to individually as "Party" and collectively as "Parties", by and through their undersigned counsel, stipulate as follows:

1. The Plaintiffs' Complaint alleged Ash Canyon Road—as it traverses Carson City Assessor's Parcel Number ("APN") 007-091-28 ("Plaintiffs' Parcel"), APN 007-610-02 ("Defendant's Parcel"), and APN 007-101-09 ("State Parcel")—is a R.S. 2477 right-of-

way ("R.S. 2477 Claim").

2. This Court's Order Granting Defendant's Motion to Dismiss (ECF No. 7) Without Prejudice [ECF No. 22] held the State of Nevada is not a necessary party to the R.S. 2477 Claim.

3. The Parties acknowledge that Ash Canyon Road, as it traverses Plaintiffs' Parcel, Defendant's Parcel, and the State Parcel, is a R.S. 2477 right-of-way.

4. The above-captioned action should be dismissed with prejudice, by order of the Court, pursuant to the Settlement Agreement attached as Exhibit 1, which the Parties respectfully request be incorporated into this Stipulation and Order to Dismiss with Prejudice.

5. Each Party should bear their own attorneys' fees and costs.

/ / /

THEREFORE, the Parties respectfully request an order that:

A. Ash Canyon Road, as it traverses Plaintiffs' Parcel, Defendant's Parcel, and the State Parcel, is a R.S. 2477 right-of-way;

B. This action be dismissed with prejudice as to all claims, causes of action, and Parties pursuant to the Settlement Agreement, incorporated herewith, with each Party bearing their own attorney's fees and costs.

DATED this 22nd day of May, 2024.

| | |
|---|---|
| CARSON CITY DISTRICT ATTORNEY | OSHINSKI & FORSBERG, LTD. |
| By: */s/ Adam Tully* <br> Jason D. Woodbury, Esq. <br> NV Bar No. 6870 <br> Adam Tully, Esq. <br> NV Bar No. 13601 <br> *Attorneys for Defendant Carson City* | By: */s/ Mark Forsberg* <br> Mark Forsberg, Esq. <br> NV Bar No. 4265 <br> *Attorneys for Plaintiffs* |

## **ORDER**

IT IS SO ORDERED.

_____
ANNE R. TRAUM
UNITED STATES JUDGE

DATED: May 24, 2024

**EXHIBIT 1 – SETTLEMENT AGREEMENT**

**EXHIBIT 1 – SETTLEMENT AGREEMENT**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of All Claims ("Agreement") is hereby entered into and effective upon the date of the full execution of this Agreement ("Effective Date"), by and between Maston Crapps and Kathrine Carter ("Plaintiffs"), and Carson City, Nevada, a consolidated municipality and political subdivision of the State of Nevada ("Defendant"). Plaintiff and Defendant may be individually referred to as "Party" and collectively referred to as "Parties."

## RECITALS

A.	Plaintiffs became the record owners of Carson City Assessor's Parcel Number ("APN") 007-091-28 ("Plaintiffs' Parcel") through a deed recorded May 27, 2022 and re-recorded on May 31, 2022, with the Carson City Clerk-Recorder's Office as Doc. No. 532948.

B.	Plaintiffs' Parcel is the North ½ of the Southeast ¼ of Section 11, Township 15 North, Range 19 East, M.D.B.&M. According to Bureau of Land Management ("BLM") records, the North ½ of the Southeast ¼ of Section 11, Township 15 North, Range 19 East, M.D.B.&M. left federal ownership on August 26, 1872, when it was patented from the United States of America to the State of Nevada.

C.	Defendant became the record owner of APN 007-610-02 ("Defendant's Parcel") through a quitclaim deed from the Joost Land & Cattle Company, Inc. ("Joost") recorded September 30, 2011, with the Carson City Clerk-Recorder's Office as Doc. No. 415928 ("2011 Joost Deed") and a boundary line adjustment quitclaim deed from Joost recorded December 20, 2012, with the Carson City Clerk-Recorder's Office as Doc. No. 429449 ("2012 Joost LLA Deed").

D.	Defendant's Parcel is within the East ½ of the Southwest ¼ of Section 12, Township 15 North, Range 19 East, M.D.B.&M. According to BLM records, the East ½ of the Southwest ¼ of Section 12, Township 15 North, Range 19 East, M.D.B.&M. left federal ownership on February 5, 1869, when it was patented from the United States of America to John Gilson.

E.	A deed making the State of Nevada the grantee for the Northwest ¼ of the Southwest ¼ of Section 12, Township 15 North, Range 19 East, M.D.B.&M., subsequently designated as APN 007-101-09 ("State Parcel"), was recorded June 14, 1961, with the Carson City Clerk-Recorder's Office as File No. 40080O.

F.	The State Parcel is within the West ½ of the Southwest ¼ of Section 12, Township 15 North, Range 19 East, M.D.B.&M. According to BLM records, the West ½ of the Southwest ¼ of Section 12, Township 15 North, Range 19 East, M.D.B.&M. left federal ownership on October 10, 1866, when it was patented from the United States of America to Isaac Renville.

G. Ash Canyon Road, from east to west, traverses the Defendant's Parcel, then the State Parcel, then Plaintiffs' Parcel, and continues west thereafter through various other parcels owned by Carson City, the State of Nevada, and the U.S. Forest Service.

H. Ash Canyon Road appears on the original Bureau of Land Management Survey for Township 15 North, Range 19 East, Mount Diablo Meridian, dated March 31, 1866, and crosses Defendant's Parcel, the State Parcel, and Plaintiffs' Parcel.

I. The 2011 Joost Deed, and other related documents, conveyed Defendant's Parcel to Defendants subject to a 50-year deed restriction that, among other things, provided Defendant's Parcel would revert to Joost if the portion of Ash Canyon Road on Defendant's Parcel were used as access for development.

J. Defendant has designated the portion of Ash Canyon Road that crosses Plaintiffs' Parcel as "Ash Canyon Road" and has identified it on its official trails map as a public trail.

K. In May of 2022, Plaintiffs submitted a voluntary major project review application to Defendant's Planning Division concerning building a residence on Plaintiffs' Parcel.

L. In June of 2022, Defendant's Planning Division responded to Plaintiffs' major project review application, and that response advised Plaintiffs they would need to identify a means of access other than Ash Canyon Road because of the 2011 Joost Deed and its restriction on access.

M. On August 24, 2022, Plaintiffs filed an action against Defendant only in the United States District Court for the District of Nevada ("Court"), Case No. 3:22-cv-00379-ART-CSD, alleging claims for takings under the U.S. and Nevada constitutions, and related statutory claims ("Takings Claims"); a trespass claim and a nuisance claim ("State Law Claims"); and a declaration that Ash Canyon Road, as it traverses Defendant's Parcel, the State Parcel, and Plaintiffs' Parcel is an R.S. 2477 right-of-way ("R.S. 2477 Claim").

N. On February 15, 2024, the Court ordered the Parties to attend a settlement conference.

O. On March 5, 2024, the Court granted Defendants' motion to dismiss Plaintiffs' complaint, and held, among other things, the State of Nevada was not a necessary party to the R.S. 2477 Claim. Dismissal was granted without prejudice, provided Plaintiffs file a new complaint within 60 days.

P. Joost released all deed restrictions on Defendant's Parcel through a quitclaim deed recorded March 25, 2024, with the Carson City Clerk-Recorder's Office as Doc. No. 545863.

Q. A settlement conference was held March 26, 2024, resulting in this Agreement.

R. The Carson City Board of Supervisors approved this Settlement Agreement at its duly noticed meeting on May 2, 2024.

NOW, THEREFORE, in consideration of the mutual promises and agreements herein, the Parties do agree as follows:

**TERMS OF SETTLEMENT**

1. <u>Recitals.</u>  The Recitals stated above are true and incorporated herein as though set forth in full.

2. <u>Ash Canyon Road as a R.S. 2477 Right-of-Way.</u>  The Parties acknowledge that Ash Canyon Road—as it is currently aligned on Defendant's Parcel, the State Parcel, and Plaintiffs' Parcel on the effective date of this Agreement—is a R.S. 2477 right-of-way open for public use.

3. <u>Maintenance, Repair, and Improvement of Ash Canyon Road on Defendant Parcel.</u>  The Parties agree that, as to only that portion of Ash Canyon Road that traverses Defendant's Parcel:

    3.1.  Defendant will perform maintenance and repair work on Ash Canyon Road to maintain it in its present condition, as of the effective date of this Agreement.

    3.2  If, in the future, Defendant improves Ash Canyon Road on Defendant's Parcel, Defendant's maintenance obligation under this Agreement will not change and it will only be obligated to maintain Ash Canyon Road in its present condition, as of the effective date of this Agreement.

4. <u>Maintenance, Repair, and Improvement of Ash Canyon Road on the State Parcel.</u>  The Parties agree that this Agreement will have no impact on any maintenance, repair, or improvement rights or obligations on the portion of Ash Canyon Road that traverses the State Parcel.

5. <u>Maintenance, Repair, and Improvement of Ash Canyon Road on Plaintiffs' Parcel.</u>  The Parties agree that, as to only that portion of Ash Canyon Road that traverses Plaintiffs' Parcel:

    5.1.  Defendant shall have the right, but not the obligation, to maintain, repair, and improve Ash Canyon Road on Plaintiffs' Parcel.

    5.2  This Agreement imposes no obligation on Plaintiffs to perform maintenance, repair, or improvements to Ash Canyon Road on that portion of Ash Canyon Road that traverses Plaintiffs' Parcel.

6. <u>Full and Final Release.</u>  The Parties agree that this Agreement is intended to be a full and final compromise, release, and settlement of all claims, demands, lawsuits, expenses, injuries, attorneys' fees, actions, suits, and causes of action, known or unknown, suspected or

unsuspected, against the other (and the other's respective agents, principals, officers, employees, attorneys, representatives, successors, and assigns) relating in any manner to the facts or allegations underlying Case No. 3:22-cv-00379-ART-CSD (the "Released Claims"). Nothing herein shall be construed as a release of or otherwise affect the right of any Party to enforce any right under this Agreement.

7. **Dismissal of the Litigation.** The Parties, through counsel, agree to fully execute the Stipulation and Order for Dismissal with Prejudice shown in Exhibit 1 hereto concurrently with the execution of this Agreement. Defendant agrees to file the executed Stipulation and Order for Dismissal with Prejudice within three (3) business days of the Effective Date.

8. **Recording the Agreement.** After the Stipulation and Order for Dismissal with Prejudice is approved and signed by the Court, the Agreement shall be recorded against Defendant's Parcel and Plaintiffs' Parcel. Upon the Court's approval of the Stipulation and Order for Dismissal with Prejudice, Defendant will record the Stipulation and Order for Dismissal with Prejudice and the Agreement against Defendant's Parcel and Plaintiffs' Parcel. The Parties agree that neither the Parties, nor their respective agents, principals, officers, employees, attorneys, representatives, successors and assigns, shall record the Stipulation and Order for Dismissal with Prejudice or the Agreement against the State Parcel.

9. **Non-Assignment or Transfer.** The Parties represent that they have not heretofore assigned or transferred (or purported to assign or transfer) to any person or entity, any claim or portion thereof to, or any interest in, the Released Claims, Defendant's Parcel, or Plaintiffs' Parcel.

10. **Complete Agreement.** The Parties understand and agree that this Agreement sets forth the full and complete agreement of the Parties, and that no statement or representation, other than those contained herein, have been made or relied upon by the Parties as an inducement for executing this Agreement. No part of this Agreement may be changed except in a writing executed by a duly authorized representative of each Party.

11. **Breach of Agreement.** In the event that it shall be necessary for any Party to institute legal action to enforce any of the terms and conditions or provisions contained in the Agreement, or for any breach thereof, the prevailing Party in such actions shall be entitled to costs and reasonable attorneys' fees.

12. **Representation by Counsel.** All Parties to this Agreement hereby represent and acknowledge that they have been represented by counsel regarding the terms of this Agreement and that their counsel have fully advised them with respect to the consequences associated with agreeing to its terms.

13. **Attorneys' Fees.** The Parties hereby acknowledge and agree to bear their own attorneys' fees and costs in connection with Case No. 3:22-cv-00379-ART-CSD and the preparation of this Agreement.

14. <u>Governing Law and Choice of Venue.</u>  This Agreement is executed and intended to be performed in the State of Nevada, and the laws of Nevada shall govern its interpretation and effect, and any dispute arising from this Agreement shall be commenced before the First Judicial District Court, in and for Carson City, Nevada.

15. <u>Severance.</u>  If any provision contained in this Agreement is held to be unenforceable by a court of law or equity, this Agreement will be construed as if the provision did not exist, the provisions will not be construed to render any other provision or provisions of this Agreement unenforceable, and the remaining terms of this Agreement will continue in full force and effect.

16. <u>Successors and Assigns.</u>  This Agreement shall be binding and inure to the benefit of the Parties hereto, their officers, agents, employees, attorneys, assigns, successors, heirs, executors, administrators and legal representatives of whatsoever kind or character.

17. <u>Third-Party Beneficiary.</u>  This Agreement is for the benefit of the Parties, their successors and assigns only.  No other third-party beneficiary rights are intended by this Agreement.

18. <u>No Liability.</u>  This Agreement is a compromise and is not to be construed as an admission of liability on the part of any Party.  Nothing in this Agreement shall be construed as an admission against the interest of any Party.

19. <u>Counterparts.</u>  This Agreement may be executed in counterparts, one or more of which may be facsimiles or color scanned copies but all of which shall constitute one and the same Agreement.  Scanned signatures of this Agreement shall be accepted by the Parties to this Agreement as valid and binding in lieu of original signatures.

**[Remainder of this page is intentionally blank; signatures to follow on next page]**

## SIGNATURES

**Plaintiffs:**

By: _____  Date: ___5/2___, 2024
Maston Crapps

By: _____  Date: ___5/2___, 2024
Kathrine Carter

Approved as to form:

By: _____  Date: ___5/14___, 2024
Mark Forsberg, Esq.
*Attorney for Plaintiffs*

**Carson City:**

By: _____  Date: ___5/2___, 2024
Lori Bagwell
Mayor

Approved as to form:

By: _____  Date: ___5/2___, 2024
Adam Tully, Esq.
Deputy District Attorney
*Attorney for Carson City*

6